```
        UNITED STATES BANKRUPTCY COURT
        EASTERN DISTRICT OF NORTH CAROLINA
                RALEIGH DIVISION
```

IN RE:                                          CASE NO.

**JOHN F. KENNY, SR.**                          04-03015-5-ATS

    **DEBTOR**

### ORDER DENYING MOTION TO REOPEN CASE

The matters before the court are the chapter 7 trustee's motion to reopen case, motion to appoint trustee, motion to approve compromise, motion to defer payment, and application to employ attorney for the trustee. A hearing took place in Raleigh, North Carolina on June 28, 2005.

John F. Kenny, Sr. filed a petition for relief under chapter 7 of the Bankruptcy Code on August 17, 2004, and David M. Warren was appointed trustee. Mr. Kenny listed as an asset on his Schedule B a lawsuit pending in Nevada with an "unknown" value. The trustee examined Mr. Kenny about the lawsuit at his § 341 meeting on September 20, 2004, and based on what he was told by Mr. Kenny, he determined that the lawsuit had little value. On September 21, 2004, the trustee filed a Report of No Distribution, a final decree was entered, and the case was closed on November 22, 2004.

The trustee contends that he was contacted by counsel for the defendant in the Nevada litigation on January 24, 2005, with an offer to settle the matter for $5,000. At that time, the trustee was led to

believe that Mr. Kenny was not actively pursuing the litigation. The trustee made a counteroffer of $7,500, which was accepted on May 27, 2005. The trustee then filed the motion to reopen and related motions to effectuate the settlement. Mr. Kenny testified that he was not aware that the trustee was in communication with defense counsel until the motions were filed.

Mr. Kenny opposes the trustee's motions, maintaining that the trustee's Report of No Distribution and the entry of the final decree amounted to an abandonment of any unadministered assets pursuant to 11 U.S.C. § 554(c), and that the case may not be reopened to administer assets previously abandoned and administered. Mr. Kenny also disputes the allegation that he was not prosecuting the lawsuit, testifying that he has purchased plane tickets for a September trial date, his wife paid attorney's fees to the Nevada attorney for continued work, and portions of the lawsuit have survived a motion to dismiss or motion for summary judgment. Finally, Mr. Kenny opposes the proposed settlement, contending that the lawsuit has a value greater than $7,500, and noting that if the trustee recovers $7,500, very few if any of those funds would benefit the estate.

Section 554(c) provides

> Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

2

11 U.S.C. § 554(c).  Section 350 provides

> (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
>
> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350.

Mr. Kenny contends that once the case was closed, all scheduled assets were deemed administered under § 554(c), and that the language "for purposes of section 350" clearly precludes reopening the case under § 350(b) "to administer assets" that are already deemed to have been administered.  Section 554(c) refers to § 350 generally, not to § 350(a) or § 350(b) specifically, and its meaning is less than clear. There are certainly times when it would be inappropriate to preclude a trustee from reopening a case to administer a scheduled asset, such as when a debtor misled the trustee about the value of the asset, and the court declines to read § 554(c) as an absolute bar to reopening a case to administer a scheduled asset.

In this case, however, the case will not be reopened to allow the trustee to settle the litigation.  A settlement of $7,500 would likely result in little or no value to the estate, and the equities weigh in favor of not reopening the case. The debtor has spent funds to prosecute the litigation in reliance on the trustee's abandonment, much of which would have to be reimbursed by the estate.  In addition, Mr.

Kenny has a remaining exemption in the amount of $3,100 that may apply to any recovery.

Based on the foregoing, the motion to reopen the case is **DENIED**. The companion motions are dismissed as **MOOT**.

**SO ORDERED.**

**DATED: July 5, 2005**

A. Thomas Small
United States Bankruptcy Judge